324-0047 Sean Anderson as trustee of the Mark L. Anderson Revocable Trust Appellant versus Daniel Kamide and Anna Kamide Appellees. Mr. Sherman, you may proceed. Thank you. May it please the court. My name is Edward Sherman. I represent Sean Anderson in a role as trustee of the Mark L. Anderson Revocable Trust dated November 19, 1994. The issue in this appeal is simply one is whether or not the trial court abused its discretion in entering a stay of all collection proceedings before the trial court until a resolution of two foreclosure cases that are pending in Cook and DuPage County. I submit to the court that respectfully the trial court did abuse its discretion considering this court's prior case of Silver Cross v. Campbell in which this court stated the election of method of enforcing judgments except in small claims cases is vested in the judgment creditor. And I submit that the trial court by doing a general stay of all the collection proceedings before until the resolution of those foreclosure cases violates the principle this court pronounced in Silver Cross v. Campbell. I do not say I'm not trying here to say that the court trial court does not have the ability to situations where it cannot put a stay in place. I believe those are within the trial court's discretion. But to essentially prohibit or bar the judgment credit from proceeding until other collection devices are resolved I think does violate this court's decision and is an abuse of discretion. With respect to reasons, you know, certain situations where the court can do it, you know, if there, for example, was a situation where you're harassing a judgment debtor, third-party creditor, a third-party, you know, citation respondent, the court can take actions to stop that. If the court in this case wanted to do a very short stay to try to figure out the confusion the court seemed to have regarding the correct judgment amount, you know, I understand that in certain situations that could be appropriate as well. But to basically stay the entire proceedings until two other proceedings which are going to at a minimum take seven months if not longer to resolve I think is an abuse of discretion. Counsel, I want to make it, I just want to make it clear and I'm not sure, I don't, I don't, I want to make sure clear for the record that the collection, the collection proceeding, there was a judgment that was obtained in Wisconsin and it doesn't have anything to do with the foreclosure actions that are pending in Chicago and DuPage. Or are they, are they in any way related to those foreclosure actions? Sure, I can, I can address that, Your Honor. So there was a Wisconsin judgment, the Wisconsin judgment I domesticated in DuPage County. And then after I domesticated that in DuPage County, apart from the collection proceedings in DuPage County, I filed a foreclosure proceeding in Cook County against property owned by the judgment debtors and I filed a foreclosure case in DuPage County against property owned by the judgment debtors based on this judgment amount. So I registered it in DuPage County and when I registered in DuPage County, I sought the collection proceedings before the trial court. That's the matter on appeal here. And then I also simultaneously filed foreclosure actions against property that the judgment debtors own in Cook and DuPage County. Okay. Okay. As far as overall, you know, discretion, the trial court I know also had some concerns about what the correct judgment amount was. And with respect to that, the original registered amount we had set forth in our brief, my brief here, was the amount including interest over the years under Wisconsin law of $320,915.23. Eventually we did other things as well, including wage deductions. We did another citation. And what happened is over time, those amounts of course rose after the initial filing in DuPage County because post-judgment interest on a judgment of $320,000 raised that as well. And so I understand the trial court was confused about the amounts, but one of two things that could have been done instead of staying until all the foreclosure proceedings are done is either A, ask for supplemental briefings of the parties, or B, you know, the judge, the trial court had no problem with at that point in time $190,000 judgment to allow enforcement of that. But something short of waiting seven months to a year and requiring other proceedings to go forward, I think is essentially a violation of this court's pronouncement in Silver Cross v. Campbell. And so I think that if the trial court had done something else, instead of making my client wait until those are resolved, then obviously we'd be in a different situation. It'd be more of the traditional, you know, abusive process that the court had the basis for was a rational basis and things of that nature. But my client's main concern is the fact that we have the requirement by the trial court to wait until those are resolved. I do believe that Mr. Kamide addressed in his appeal discretion, he cited some cases involving post-judgment proceedings as well, but none of them involved the situation that we have here in Silver Cross v. Campbell. They dealt with some general perspectives, but they did not actually address the issue here about the judgment creditor's discretion. And so, for example, the Midwest Commercial Fund v. Kelly, the issue in that case was actually whether a judgment creditor may perfect services citation to discover assets by email. That's not the issue we have here. First National Bank of Gibson City v. Whistlemailer, if I pronounce it wrong, I apologize, that involved the denial of motion to quash and denial of motion to vacate. And so, I really think that the cases he cited, I understand that for some general principles, aren't on point. And I think Silver Cross v. Campbell is directly on point with the situation in that I think that the staying in collection proceeding until you have other potential collection proceedings resolved does violate what this court has pronounced previously. And it also hampers a judgment creditor for proceeding to their detriment. I also cited 5-2-1402G. I understand that that provision talks about proceeding consecutively or concurrently with judgment proceedings. And I understand it only relates to citation proceedings by just pointing this additional basis or argument for the court as to the fact that we can respectfully walk and chew gum at the same time on this. And I think that allowing the judgment creditor to proceed multiple avenues is what's intended by not only that code, but this court's pronouncement. And I think that should continue to be the way that things are done. Because otherwise, we can have a bunch of freeze-ups here that, you know, if a trial court decides to freeze for another situation where it says, hey, we're not going to let you do X until Y is completed, that hampers the judgment creditor from reaching relief. Can you address the issues of attorney's fees and interest? Yes. Yes. With respect to that, are you talking about with respect to the actual trial court's decision on the stay or something else? Yes, I'm talking about the decision on the stay. Okay. So, we originally had a judgment amount of interest. We had a judgment from Wisconsin of $190,595.70. And under Wisconsin law, there is a provision there for interest that allows for to accumulate post-judgment, and I think certain percentages there. And so, I used those to calculate what the amount would be on the date that we registered the judgment in DuPage County. And that's how we came up with the amount of $320,915.23, I believe. Apart from that, I don't believe, you know, after it's in DuPage County, there's anything with respect to attorney's fees and interest. There might be something in the underlying judgment that Your Honor wants me to address that I might not be able to. But didn't the trial court say he had concerns because the judgment included attorney's fees and interest, and he wasn't sure he could collect that? Yeah. Yes. The trial court did say he was concerned about the $190,000 being the correct amount, Your Honor. And since that, we have had further proceedings in that, which respectfully may become another appeal down the road on it. But yeah, I understand the trial court did have a concern at the time that's part of the record on the appeal is whether that is the correct amount. And so, my client's position is if that's the case, then we can have either supplemental hearing on it. Maybe he could limit what could be done for a time. But my main point, Your Honor, is that we don't just use that position to say, okay, we're going to wait until two other proceedings are done, which are essentially seeking to collect the same amount. That's my point. So, what I'm asking respectfully from this court is to respectfully reverse the trial court's stay and instruct the trial court to have, if any further proceedings this court deems necessary with respect to any confusion on numbers, interest, or whatnot, but to find that basically having a stay saying that if you're doing a post-judgment collection, that allows you to stay until the resolution of other collection proceedings to find that that was improper. Yeah. That's all I have at this time. Thank you. Any questions? Are there other questions? I have none. Okay. Thank you, Mr. Sherman. You'll have time in reply. Mr. DeWald, you may respond. If it pleases the court, Mr. Sherman. Well, citations to discovery assets are discovery, as I cite in my response brief. And discovery of managed discovery. And that's what Judge McJoint is doing here. He's managing the discovery. Because all these citations have been issued and answered, and we are dealing with the citations, and then Judge McJoint learns of the foreclosure actions, Judge McJoint wanted to stay the citation proceedings here because of his concern that the certificates signed by Mr. Sherman and Mr. Sherman's office don't show the judgment amount. It shows the judgment amount plus interest. And that was the confusion. And as such, Judge McJoint said, well, I'm going to stay in these proceedings while you go and try to collect on your money in front of the other courts. As I put in my response, it's confusing because the plaintiff has now sought to stay actions in the foreclosure cases. So I'm not sure what the plaintiff is doing here, but Judge McJoint has big latitude, discretion to manage his calendar, especially with respect to discovery. And respectfully, we believe that the stay should place. Any questions for Mr. DeWald? No. You're concluded, Mr. DeWald? Yes. Yes. I just, if you look at the, the only thing I want to add, if you look at the record that I cited in my response, like SR7 and SR9, you'll see that it just has the blanket number, balance due judgment. Judgment is 320. It doesn't say judgment is 190. It doesn't identify the interest. And there's been never, there's been no attempt to clarify that in any other pleading in the lower court. Thank you. Thank you, Mr. DeWald. Mr. Sherman, you may reply. Sure. Thank you. With respect to Mr. DeWald's last statement about the citations himself, if you look at the record at one, as supporting record one and two, which were the original ones filed in DuPage County, there's an identification of the $190,595.70 on page one in the supporting record, followed by on page two, the calculation of the post-judgment interest that gets to the $320,915.23. And that was part of the original filing in DuPage before all these collection proceedings occurred. And then we use that $320,915.23 going forward, because that is the judgment amount as of the date it is registered, is what our position was. And so that is in response to Mr. DeWald on that issue. As far as the foreclosure cases stayed in Cook and DuPage County, and I apologize, I believe it's within the record, but what happened is after Judge McJoint made his original pronouncement, not just about the stay, but the judgment amount, Mr. DeWald's client filed motions to dismiss in the Cook and DuPage County foreclosure cases, making different arguments, making similar arguments that were before Judge McJoint. And the reason we filed a motion to stay those is to avoid the possibility of multiplicity proceedings where the judgment amount and the validity of the judgment that led to these proceedings would result in multiple separate appeals. And so the reason why my client moved to stay those proceedings is to avoid the possibility of inconsistent judgments, to address Mr. DeWald's point in that respect. Because Judge McJoint in this case determined, and it's part of the record, that the judgment amount he felt was proper was $190,595.70 at the time that we brought this appeal. There are other proceedings that aren't part of the record, so I don't want to discuss those, but that was different than what the original amount set forth was. And the question is, would the Cook and DuPage County cases come to different conclusions on that or other issues that were raised in general regarding the validity of the underlying judgment? And so the reason why my client moved to stay those is to avoid multiplicity and inconsistent decisions that would both be appealed to this court and the Cook County First District, just to answer that issue. As far as the idea and the concept of a discovery tool, I do not dispute with Mr. DeWald that a trial court has the ability to manage its calendar. My only dispute, and Mr. DeWald has not addressed it today, is the fact that this court's pronouncement Silver Cross vs. Campbell is that it is the judgment creditor's discretion, as this court has said before, to decide how he or she wants to proceed. And if the trial court says, basically, I'm making that decision for you because you need to finish these foreclosure proceedings before you can proceed here, I think that violates the principles and the pronouncement of that case. Counsel, does Section 12654 of the Code of Civil Procedure play in here where it defines when a foreign judgment may be stayed? Does that have any role in these proceedings? Your Honor, respectfully, I don't think that was addressed by the parties in their arguments, and I would need to take a look and see as far as when it can be stayed. I'm talking, generally speaking, from collection. Obviously, with respect to staying a judgment in general as to what you can do with it, I'd have to look. I believe there are four or five principles for objecting to a registered foreign judgment, which might be the subject of a later appeal, but not necessarily this one. The main purpose is Silver Cross vs. Campbell in this proceeding. If necessary, I could provide a supplemental brief, if Your Honor would like, but I do not need that. Okay. Anything else? You have concluded, Mr. Sherman? I have, barring any questions by the panel. Okay. Any questions? No. Thank you very much. Thank you, Counsel, both, for your arguments on this matter this morning. It will be taken under advisement. A written disposition shall issue.